IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TASIA OWENS, GROVER HOWARD, TELEEA MAYES, MICHAEL LILLEY and DEVON THOMAS, individually and behalf of all others similarly situated, | § | CIVIL ACTION NO. 1:26-cv-00837 |
| *Plaintiffs,* | § | COLLECTIVE ACTION |
| v. | § | |
| EMERGENCY MANAGEMENT PARTNERS, LLC, | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
**UNDER THE FAIR LABOR STANDARDS ACT**

## I. NATURE OF THE ACTION

1. Plaintiffs Tasia Owens, Grover Howard, Teleea Mayes, Michael Lilley and Devon Thomas (collectively, "Plaintiffs") bring this civil action against Defendant Emergency Management Partners, LLC ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of themselves and on behalf of all others similarly situated, to recover unpaid back wages, an additional equal amount as liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

2. Plaintiffs and all others similarly situated were paid an hourly rate with no additional compensation for overtime on hours worked on the Hermits Peak FEMA PA-TAC project in excess of forty (40) hours in a workweek.

3. Plaintiffs seek certification of this suit as a collective action on behalf of all current and former employees of Defendant who worked for Defendant on the Hermits Peak

FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation (collectively referred to as the "Similarly Situated Employees").

## II. PARTIES

4. Plaintiff Tasia Owens was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

5. Plaintiff Grover Howard was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

6. Plaintiff Teleea Mayes was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

7. Plaintiff Michael Lilley was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

8. Plaintiff Devon Thomas was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

9. Defendant Emergency Management Partners, LLC is a limited liability company formed under the laws of Virginia, with its corporate office located at 1318 Autumn Breeze Drive, Oilville, Virginia 23129. Defendant is an unregistered foreign entity doing business in New Mexico and may be served through any officer located at its corporate office, 1318 Autumn Breeze Drive, Oilville, Virginia 23129 or residence. Defendant employed Plaintiffs and the Similarly Situated Employees pursuant to the FLSA.

## III. JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the FLSA.

11. The Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the District of New Mexico, including Plaintiffs' and the Similarly Situated Employees' work for Defendant in New Mexico.

## IV. ENTERPRISE FLSA COVERAGE

13. At all relevant times, Defendant was engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000. Defendant, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. § 203(r) & (s)).

14. In addition, in connection with their employment with Defendant, Plaintiffs and the Similarly Situated Employees engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## V. BACKGROUND AND STATEMENT OF CLAIMS

15. There is a collective of other employees who performed work similar to Plaintiffs and were subject to the same illegal pay practices.

16. Plaintiffs and the Similarly Situated Employees worked on the Hermits Peak FEMA PA-TAC project in New Mexico during their employment.

17. The Hermits Peak fire began on April 6, 2022.

18. The President declared it a major disaster on May 4, 2022.

19. Defendant did not provide Plaintiffs and the Similarly Situated Employees with one (1) hour of sick leave for every thirty (30) hours worked.

20. Defendant did not provide Plaintiffs and the Similarly Situated Employees with any sick leave.

21. Plaintiffs and the Similarly Situated Employees were paid an hourly rate with no overtime compensation on hours worked in excess of forty (40) hours in a workweek.

22. Defendant paid Plaintiffs and the Similarly Situated Employees straight time for all hours worked, even if Plaintiffs and the Similarly Situated Employees worked over forty (40) hours in a workweek.

23. No employee of Defendant working on the Hermits Peak FEMA PA-TAC project received overtime compensation.

24. Plaintiffs and the Similarly Situated Employees were not paid on a salary basis.

25. Defendant knew it was required by the FLSA to pay Plaintiffs and the Similarly Situated Employees one and one-half times their regular rate of pay for hours in excess of forty (40) hours in a workweek.

26. Defendant willfully failed to pay Plaintiffs and Similarly Situated Employees any overtime.

27. Defendant's failure to pay overtime is a violation of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

29. There is a collective of other employees who were subject to the same illegal pay practices of not receiving overtime compensation. Plaintiffs seek certification of this suit as a collective action and request that the following collective be conditionally certified:

> All current and former employees of Defendant who worked for Defendant on the Hermits Peak FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation.

30. Plaintiffs and the Similarly Situated Employees were paid under an invalid non-guaranteed hourly rate system, without any compensation for overtime worked, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

31. Plaintiffs and the Similarly Situated Employees were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

32. Plaintiffs and the Similarly Situated Employees have consistently worked more than forty (40) hours in most workweeks for the past three (3) years.

33. Plaintiffs and the Similarly Situated Employees are entitled to payment of overtime at the rate of one and one-half times their regular rate of pay for the time period of approximately February 2023 to the present.

34. Defendant has violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiffs and the Similarly Situated Employees overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

35. Defendant's violations have been willful.

36. There are questions of law and fact common to the collective.

37. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the collective.

38. Plaintiffs will fairly and adequately protect the interests of the collective.

39. Counsel for Plaintiffs, The Parzivand Law Firm PLLC, is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), collective actions and complex litigation, and can and will fairly and competently represent the interests of all collective members.

40. Counsel for Plaintiffs has and will commit the human and financial resources necessary to represent the collective.

41. To the extent any of the named Plaintiffs worked for Defendant prior to working at Hermits Peak, the named Plaintiffs seek to pursue any FLSA overtime claims individually for failure to pay premium pay.

42. Plaintiffs' written consents to this action are attached hereto as Exhibit 1. and incorporated by reference.

**CAUSE OF ACTION:**
**UNPAID OVERTIME – FAIR LABOR STANDARDS ACT (FLSA)**
**INDIVIDUAL AND COLLECTIVE ACTION**

43. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

44. Plaintiffs regularly worked more than forty (40) hours in a workweek during the relevant period, as did the Similarly Situated Employees, and Defendant knew or should have known of the overtime hours worked.

45. Defendant failed to pay Plaintiffs and the Similarly Situated Employees overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207(a)(1).

46. As a result of Defendant's willful violations under the FLSA, Plaintiffs and the Similarly Situated Employees suffered damages in the form of unpaid overtime wages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees, and costs, in an amount to be determined at trial.

47. Plaintiffs bring this claim on behalf of themselves and all other similarly situated employees who were subject to the same unlawful pay practices, as Defendant maintained a common policy or practice of failing to pay overtime.

## CAUSE OF ACTION: VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

48. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

49. At all relevant times, Defendant was an "employer" within the meaning of the New Mexico Minimum Wage Act ("NMMWA") in that it employed one or more employees within the state of New Mexico.

50. Defendant violated the NMMWA by failing to pay Plaintiffs and the Similarly Situated Employees overtime compensation at one and one-half times the regular hourly rate for all hours worked in excess of forty (40) per week, as required by NMSA 1978, § 50-4-22.

51. As a result of Defendant's violations of the NMMWA, Plaintiffs and the Similarly Situated Employees suffered damages in the form of unpaid overtime wages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees, and costs, in an amount to be determined at trial.

**CAUSE OF ACTION:**
**VIOLATION OF THE NEW MEXICO HEALTHY WORKPLACES ACT**

52. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

53. At all relevant times, Defendant was an "employer" within the meaning of the New Mexico Healthy Workplaces Act ("NMHWA") in that it employed one or more employees within the state of New Mexico.

54. Defendant violated the NMHWA by maintaining a policy and practice of not providing sick leave to Plaintiffs and the Similarly Situated Employees, and therefore failing to provide one (1) hour of sick leave per thirty (30) hours worked, as required by NMSA 1978, § 50-17-3(A).

55. Defendant further engaged in willful notice and recordkeeping violations of the NMHWA.

56. As a result of Defendant's violations of the NMHWA, Plaintiffs and the Similarly Situated Employees suffered damages in the form of earned and unpaid sick leave and are entitled to recover the value of the sick leave, liquidated damages, interest, statutory penalties, attorneys' fees, and costs, in an amount to be determined at trial.

## VII. JURY DEMAND

57. Plaintiffs demand a trial by jury and are paying the appropriate jury fee contemporaneously with the filing of this Complaint.

## VIII. PRAYER

Plaintiffs respectfully requests that the Court:

1. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former employees of Defendant who worked for Defendant on the Hermits Peak FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation, and that notice therefore be distributed to all putative collective members;

2. Declare that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by failing to pay overtime compensation to Plaintiffs and the Similarly Situated Employees for hours worked in excess of forty (40) per workweek.

3. Declare that Defendant violated the NMMWA, NMSA 1978, § 50-4-22, by failing to pay overtime compensation to Plaintiffs and the Similarly Situated Employees for hours worked in excess of forty (40) per workweek.

4. Award Plaintiffs and the Similarly Situated Employees unpaid overtime compensation in an amount to be determined at trial against Defendant, pursuant to 29 U.S.C. § 216(b) and NMSA 1978, § 50-4-26.

5. Award Plaintiffs and the Similarly Situated Employees earned and unpaid sick leave and statutory penalties in an amount to be determined at trial against Defendant, pursuant to NMSA 1978, § 50-17-11(A).

6. Award Plaintiffs and the Similarly Situated Employees an additional equal amount, or an additional double amount, as liquidated damages against Defendant, pursuant to 29 U.S.C. § 216(b) or NMSA 1978, § 50-4-26, respectively, whichever is greater.

7. Award Plaintiffs and the Similarly Situated Employees reasonable attorneys' fees, expert witness fees, and costs of suit as provided by 29 U.S.C. § 216(b), NMSA 1978, § 50-4-26.

8. Award Plaintiffs and the Similarly Situated Employees pre-judgment and post-judgment interest as permitted by law.

9. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Hessam Parzivand*
Hessam Parzivand
Texas Bar No. 24071157
Federal ID No. 1129776
Email: hp@parzfirm.com
T: (713) 533-8171

Travis Bryan
Texas Bar No. 24102826
Federal ID No. 3020169
Email: travis@parzfirm.com
T: (832) 233-7527

THE PARZIVAND LAW FIRM, PLLC
10701 Corporate Dr., Suite 185
Sugar Land, Texas 77477
F: (713) 533-8193

COUNSEL FOR PLAINTIFFS AND
ALL OTHERS SIMILARLY SITUATED